914 F.2d 262
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Robert ENDRESON, Plaintiff-Appellant
v.
Samuel A. LEWIS, Defendant-Appellee
 No. 89-15946.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1990.*
Decided Sept. 25, 1990.
 Before CHAMBERS, FARRIS, and DAVID R. THOMPSON, Circuit Judges.
 
 MEMORANDUM[2]
 
 1
 Defendant Enderson, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. 1983 action challenging the prison's "Inmate Personal Property Policy", IMP 301.17.
 
 
 2
 Defendant states that IMP 301.17 deprives him of property without due process of law, however, as the Supreme Court noted in Bell v. Wolfish, 441 U.S. 520, 554 (1979):
 
 
 3
 "... due process rights of prisoners and pretrial detainees [against the deprivation of their property without due process of law] are not absolute; they are subject to reasonable limitation or retraction in light of the legitimate security concerns of the institution."
 
 
 4
 Because IMP 301.17 is supported by the valid penological objective of easily identifying inmates by having standardized clothing and reducing property in cells, defendant's due process entitlement has not been infringed. The Court notes defendant's most recent submission indicating that the Hon. Elizabeth Stover, of the Superior Court of Maricopa County has ruled that portions of IMP 301.17 are invalid because they violate A.R.S. Sec. 31-228(A). Blum v. State, CV88-31838 (Maricopa County-Superior Ct. April 25, 1990). However, a statutory violation does not necessarily rise to the level of a constitutional violation.
 
 
 5
 Defendant further claims that IMP 301.17, by limiting defendant to only three boxes or 60 pounds of legal material in his cell at any time, denies him meaningful access to the courts. The case law simply does not sustain this. Once again, this restriction is supported up by the valid penological objectives of reducing the amount of movable material in an inmate's cell. Significantly, IMP 301.17 provides that any excess material may be stored and exchanged within a reasonable time.
 
 
 6
 Finally, Defendant contends that IMP 301.17 is defective because it was not adopted pursuant to the public notice and hearing requirements of the Model State Administrative Procedure Act, A.R.S. Secs. 41-1001 et seq. However, under A.R.S. Secs. 41-1005(A)(4) "internal management policy" is expressly exempt from the public notice and hearing requirements.
 
 
 7
 We affirm the lower court's dismissal.
 
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 [2]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3